IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CROSSFIT, INC.                                                                                    PLAINTIFF

v.                                                                CIVIL ACTION NO. 1:13-cv-00144-GHD-DAS

COLUMBUS CROSSFITNESS, LLC;
CHANCE WIYGUL; and JOHN DOES 1-25                                                DEFENDANTS

## MEMORANDUM OPINION GRANTING
## MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Presently before the Court is a motion for default judgment and permanent injunction [13] filed by Plaintiff CrossFit, Inc. ("Plaintiff") against Defendants Columbus Crossfitness, LLC and Chance Wiygul (collectively, "Defendants"). Upon due consideration, the Court grants the motion for default judgment as to liability and issues a permanent injunction against Defendants Columbus Crossfitness, LLC and Chance Wiygul, but defers ruling on the issues of damages, attorney's fees, and costs.

*A. Factual and Procedural Background*

On August 6, 2013, Plaintiff filed this action against Defendants, asserting the following claims under the Lanham Act, 60 Stat. 427, as amended, 15 U.S.C. § 1051 *et seq*.: [1] trademark infringement (15 U.S.C. § 1114(1)(a)); [2] false designation of origin (15 U.S.C. § 1125(a)); [3] a violation of the Anticybersquatting Consumer Protection Act ("ACPA") (15 U.S.C. § 1125(d)); and [4] trademark dilution (15 U.S.C. § 1125(c)). *See* Pl.'s Compl. [1].

According to Plaintiff, it "has developed a revolutionary fitness training regimen that has become the principal strength and conditioning program for many police academies and tactical operations teams, military special operations units, champion martial artists, and thousands of professional and amateur athletes worldwide." *Id.* ¶ 10. Plaintiff further alleges that it "licenses

1

use of its intellectual property, including the 'CrossFit' name, to affiliates that have received particularized training and received a certificate from CrossFit." *Id.* Plaintiff avers that it "diligently protects its intellectual property through, *inter alia*, trademark and service mark registration" and that "CrossFit marks . . . have been in continuous use in commerce since at least the dates of their first use as indicated in their registrations to the present day." *Id.* ¶ 11. Plaintiff maintains that "[o]nly persons who have completed CrossFit's certificate process and entered into valid affiliate license agreements are permitted to use CrossFit Marks." *Id.* ¶ 12. Plaintiff alleges that Defendants offered fitness training services under the names "CrossFitness" and "CrossFitness 24/7" to offer and promote their services, despite that neither Defendant is a CrossFit affiliate and CrossFit has never authorized Defendants' use of the CrossFit Marks or infringing terms. *Id.* ¶ 13. Plaintiffs further allege that Defendants offer services on the Internet through its website and Facebook page which describe Defendants' exercise programs by using the infringing terms. *Id.* ¶ 14. Plaintiff maintains that Defendants' use of the infringing terms creates the false impression that Defendants are licensed CrossFit affiliates and/or certified CrossFit trainers, which creates consumer confusion, and that Defendants intended to do this and "to give their services and/or goods an instant credibility that is not otherwise warranted." *Id.* ¶¶ 15, 19–21. Plaintiff maintains that Defendants' conduct is causing harm to Plaintiff and will continue to do so. Plaintiff alleges that it contacted Defendants and that Defendants agreed to remove the infringing content from their website and to delete their Facebook page and remove the signage. *Id.* ¶ 24. Plaintiff further alleges that despite Defendants' representations Defendants are continuing to use the infringing terms to promote their business. *Id.* ¶ 25.

On August 15, 2013, Plaintiff personally served its summons and complaint upon Defendant Chance Wiygul individually, and served Defendant Columbus Crossfitness, LLC by

2

and through its registered agent Chance Wiygul. *See* Summons Returned Executed–Chance Wiygul [4]; Summons Returned Executed–Columbus Crossfitness, LLC [5]. Neither Defendant filed an answer or otherwise responded to Plaintiff's complaint. On October 7, 2013, the Clerk of Court filed a notice of past due answer as to Defendants [10]. On October 15, 2013, Plaintiff filed a motion for entry of default [11], and on October 16, 2013, the Clerk of Court entered a default [12] as to each Defendant. Pursuant to the entry of default by the Clerk of Court, Plaintiff now requests permanent injunctive relief against Defendants, as well as monetary damages including profits and statutory damages, attorney's fees, and court costs. Plaintiff maintains that it twice mailed copies of Plaintiff's present motion and accompanying memorandum brief by United States mail, postage prepaid, to the address where Defendants had been personally served with Plaintiff's summons and complaint. However, Plaintiff maintains that the motion and brief were returned to Plaintiff by the United States Post Office as undeliverable in both attempts. Thus, Plaintiff maintains that it hired the same process server who successfully served Defendants with Plaintiff's summons and complaint to serve the present motion and accompanying memorandum brief upon Defendants by hand delivery and that this was successfully accomplished on April 14, 2014. *See* Pl.'s Notice of Service of Mot. Default J. & Permanent Injunction, Mem. Br. Supp., & Clerk's Entry of Default [15]. Defendants have failed to plead, answer, or otherwise defend against Plaintiff's complaint and have not responded to the present motion.

## B. Legal Standard

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. FED. R. CIV. P. 55(a). Under Rule 55(a), a default must be entered before the Court may enter a default judgment. *See id.* As stated, the

Clerk of the Court has entered default, and Plaintiff now requests the Court to enter a final default judgment against both Defendants.

Defendants, by failing to answer or otherwise respond to Plaintiff's complaint, have admitted the well pleaded allegations of the complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well pleaded allegations of Plaintiff's complaint, which the Court accepts as true, and the record in this action, the Court determines that Defendants have violated the previously stated provisions of the Lanham Act.

## C. Damages

Plaintiff claims entitlement to Defendants' profits by use of Plaintiff's mark and infringing language, damages sustained by Plaintiff, and the costs of the action. Actual damages may include injury to Plaintiff's goodwill and business reputation. 15 U.S.C. § 1125(c). Plaintiff concedes that it cannot precisely calculate its actual damages and Defendants' profits resulting from Defendants' unlawful infringement of Plaintiff's mark. However, Plaintiff "believes that a conservative, reasonable estimate of profits and treble damages, given the willful conduct of the Defendants . . . is $75,000.00, as Defendants' past and ongoing conduct is damaging to [Plaintiff's] reputation and goodwill, and further supports the requested amount." Pl.'s Mem. Br. Supp. Mot. Default J. [14] at 23.

The Fifth Circuit has held that in the context of a default judgment, "[d]amages may not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). In addition, "[w]here the amount of damages and/or costs can be determined with certainty by reference to

the pleadings and supporting documents and where a hearing would not be beneficial, a hearing is unnecessary." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Although the Court holds that Plaintiff is entitled to damages, the amount of damages cannot be quantified at this time. Because Plaintiff's damages are not a sum certain or a sum that can be certain by computation, a hearing is necessary as provided in Rule 55(b)(2) of the Federal Rules of Civil Procedure. Thus, an award of damages is premature at this juncture.

### D. Attorney's Fees and Costs

Plaintiff has submitted an affidavit for the amount of attorney's fees and costs incurred for them to prosecute this case. Plaintiff is entitled to attorney's fees by statute. However, an award of attorney's fees at this juncture is premature.

### E. Injunctive Relief

Plaintiff also seeks a permanent injunction to ensure that all infringing CrossFit materials are removed from the Internet website owned and maintained by Defendants and that the Facebook page containing infringing CrossFit materials is deleted.

Injunctive relief is authorized under the Lanham Act. 15 U.S.C. §1116(d). The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987). A party seeking a preliminary injunction must establish that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

5

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc)). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted. *Miss. Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.

Because the Court has found liability against both Defendants, Plaintiff has succeeded on the merits of its claims. The Court further determines that irreparable harm will result if the injunction is not granted because Defendants have produced no evidence that the infringing materials have all been removed from the Internet and that they will not repost the infringing materials. The Court further determines that the injury to Plaintiff outweighs any harm to Defendants because Congress has declared conduct in which Defendants engaged is illegal. Finally, the Court is of the opinion that the public interest will not be disserved if a permanent injunctive is issued, as the injunction bars conduct that Congress has declared to be unlawful. The public has an interest in knowing or being assured that persons do not violate laws regarding trademarks, copyrights, and fair competition. For these reasons, the court will issue a permanent injunction requiring Defendants to refrain from specified conduct and to take specified action to ensure that their violations cease.

*F. Conclusion*

For all the foregoing reasons, the Court GRANTS Plaintiff CrossFit, Inc.'s motion for default judgment [13] as to liability; DEFERS ruling on the amount of damages, attorney's fees, and costs; and GRANTS permanent injunctive relief as detailed in the order that shall be issued in accordance therewith.

The hearing to determine the amount of damages, attorney's fees, and costs shall commence at 10:00 a.m. Thursday, May 29, 2014, in the United States Courthouse in Aberdeen, Mississippi.

THIS, the 30th day of April, 2014.

_____
SENIOR JUDGE