IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CROSSFIT, INC.                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:13-cv-00144-GHD-DAS

COLUMBUS CROSSFITNESS, LLC;
CHANCE WIYGUL; and JOHN DOES 1-25                                                DEFENDANTS

## MEMORANDUM OPINION GRANTING
## DAMAGES, ATTORNEY'S FEES, AND COSTS TO PLAINTIFF

On August 6, 2013, Plaintiff filed this action against Defendants, asserting the following claims under the Lanham Act, 60 Stat. 427, as amended, 15 U.S.C. § 1051 *et seq.*: [1] trademark infringement (15 U.S.C. § 1114(1)(a)); [2] false designation of origin (15 U.S.C. § 1125(a)); [3] a violation of the Anticybersquatting Consumer Protection Act ("ACPA") (15 U.S.C. § 1125(d)); and [4] trademark dilution (15 U.S.C. § 1125(c)). *See* Pl.'s Compl. [1]. On August 15, 2013, Plaintiff personally served its summons and complaint upon Defendant Chance Wiygul individually, and served Defendant Columbus Crossfitness, LLC by and through its registered agent Chance Wiygul. Neither Defendant filed an answer or otherwise responded to Plaintiff's complaint or the motion for default judgment. Thus, the Court granted Plaintiff's motion for default judgment and for permanent injunction. See Ct.'s Order [16] & Mem. Op. [17] Granting Mot. Default J. & Permanent Injunction. The Court deferred ruling on the amount of damages, attorney's fees, and costs, finding that such damages, attorney's fees, and costs were neither sums certain nor sums that could be made certain by computation, and thus, that a hearing was necessary as provided by Rule 55(b)(2) of the Federal Rules of Civil Procedure. Accordingly, a hearing to determine damages, attorney's fees, and costs was held on May 29, 2014. Defendants failed to appear. Subsequent to the hearing, Plaintiff requested and was granted leave to file

1

amended affidavits and documentation supporting its request for damages, attorney's fees, and costs, on the ground that the earlier requests had mathematical errors. Upon due consideration, the Court finds as follows:

Defendants, by failing to answer or otherwise respond to Plaintiff's complaint, have admitted the well pleaded allegations of the complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). According to Plaintiff's allegations, which the Court must accept as true, Plaintiff has developed a revolutionary fitness training regimen that it licenses to affiliates who have received appropriate particularized training and a certificate from Plaintiff. Defendants offered fitness training services under the names "CrossFitness" and "CrossFitness 24/7" to offer and promote their services, despite that neither Defendant is a CrossFit affiliate and CrossFit has never authorized Defendants' use of the CrossFit Marks or infringing terms. Defendants offer services on the Internet through its website and Facebook page which describe Defendants' exercise programs by using the infringing terms. Defendants' use of the infringing terms created the false impression that Defendants are licensed CrossFit affiliates and/or certified CrossFit trainers, which created consumer confusion. In sum, Defendants have violated the previously stated provisions of the Lanham Act.

## A. Damages

In the complaint, Plaintiff requested the following damages award:

> **(a)** an amount equal to the actual damages suffered by [Plaintiff] as a result of the infringement of its proprietary trademark and in excess of $100,000;
> **(b)** an amount equal to the profits earned by Defendants as a result of their infringement;
> **(c)** an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement;

2

> (d) in the alternative as may be elected by [Plaintiff], pursuant to Lanham Act Section 35, 15 U.S.C. § 1117(c), statutory damages for each of Defendants' willful acts of infringement;
> (e) pre-judgment interest and post-judgment interest; [and]
> (f) an award of punitive damages for intentional and willful acts[.]

Pl.'s Compl. [1] at 11.

In its motion for default judgment and in the hearing, Plaintiff concedes that it cannot precisely calculate its actual damages and Defendants' profits resulting from Defendants' unlawful infringement of Plaintiff's mark. However, Plaintiff believes that a conservative, reasonable estimate of profits and treble damages, given the willful conduct of the Defendants, is $61,131.80, as Plaintiff asserts that Defendants' past and ongoing conduct is damaging to Plaintiff's reputation and goodwill, and further supports the requested amount. *See* Pl.'s Mem. Br. Supp. Mot. Default J. [14] at 23.

Under the Lanham Act, actual damages may include injury to Plaintiff's goodwill and business reputation. 15 U.S.C. § 1125(c). Courts have discretion to award damages for a violation of the Lanham Act up to three times the amount of actual damages. 15 U.S.C. § 1117(a). The Fifth Circuit recognizes that "[g]reat latitude is given [to] the district court in awarding damages under the Lanham Act." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1304 (5th Cir. 1997). Furthermore, the Fifth Circuit notes that enhancement of a damages award "could, consistent with the 'principles of equity' [ ], provide proper redress to an otherwise undercompensated plaintiff where imprecise damage calculations fail to do justice, particularly where the imprecision results from defendant's conduct.' " *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991).

3

The Court finds that the amount requested is reasonable and provides proper redress to Plaintiff, especially given that damages cannot be ascertained precisely in large part because of Defendants' unwillingness to participate in this litigation.

*B. Attorney's Fees and Costs*

Plaintiff sought reasonable attorney's fees in the complaint for an "exceptional" case under 15 U.S.C. § 1117; Plaintiff also sought an award of attorney's fees and costs. *See* Pl.'s Compl. [1] at 11. With its motion for default judgment, Plaintiff submitted an affidavit for the amount of attorney's fees and costs incurred to prosecute this case. At the hearing, Plaintiff submitted billing invoices showing additional fees and costs incurred since that time to prepare for the hearing. Subsequent to the hearing, Plaintiff submitted amended affidavits with billing invoices correcting mathematical errors in the original affidavits.

The Lanham Act gives this Court the discretion to award attorney's fees to the prevailing party in "exceptional" cases. *See* 15 U.S.C. § 1117(a). The Fifth Circuit has acknowledged that "the exceptional case is one in which the defendant's trademark infringement can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.' " *Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir.1992). As stated above, because Plaintiff has prevailed on default, we accept the allegations in its complaint as true. Plaintiff alleges that Defendants willfully and deliberately committed trademark infringement. Further, Defendants have completely disregarded this litigation by failing to appear; courts have found that that factor can make a case "exceptional" under the Lanham Act and merit an award of attorney's fees. *See T-Mobile USA Inc. v. Shazia & Noushad Corp.*, No. 3:08–CV–00341, 2009 WL 2003369, at *4 (N.D. Tex. July 10, 2009) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003)).

4

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney's fees, which is calculated by multiplying the number of hours spent on the matter by a reasonable hourly rate for such work in the community. *Heidtman v. County of El Paso, Tex.*, 171 F.3d 1038, 1043 (5th Cir. 1999). The Court may raise or lower the lodestar amount based on the weight of twelve factors set forth in *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974). The lodestar award may not be adjusted if the *Johnson* factors were already considered when determining the original lodestar amount. *Id.*

The Fifth Circuit requires that the claimants establish a reasonable hourly rate and the total numbers of hours expended on this litigation, or otherwise establish by particular methods of building or calculation the requisite evidence of reasonable and necessary attorney's fees. An affidavit from a responsible attorney may set out these details sufficiently. In this case, Plaintiff has filed two affidavits: one by counsel Nancy Siples Brumbeloe [25-1] and one by counsel Christina G. Bobb [25-3].

Nancy Brumbeloe has set forth in her affidavit that based on 54.8 hours of work, billed at the hourly rate of $175 for a law firm partner, for a total of $9,590; 2 hours of work, billed at the hourly rate of $150 for a law firm associate, for a total of $300; and .8 hour of work, billed at the hourly rate of $100 for a law firm paralegal, for a total of $80, the total attorney's fees by local counsel were $9,970. *See* Brumbeloe Aff. [25-1] ¶ 3. These attorney's fees are also itemized on an attached invoice. *See* Daniel, Coker, Horton & Bell, P.A. Invoice [25-2] at 2–9. The Brumbeloe affidavit further sets forth that Plaintiff incurred $307.86 in expenses, Brumbeloe Aff. [25-1] ¶ 3, which are itemized on an attached invoice, *see* Daniel, Coker, Horton & Bell, P.A. Invoice [25-2] at 1, 9.

Christina Bobb has set forth in her affidavit that based on 23.1 hours billed at the hourly rate of $250 for a law firm associate in California, 3 hours billed at the hourly rate of $360 for a specialized law firm partner in California, .3 hour billed at the hourly rate of $450 for a specialized law firm partner in California, and 1.5 hours billed at the hourly rate of $395 for a specialized law firm partner in California, the total attorney's fees by California counsel were $7,582.50. *See* Bobb Aff. [25-3] ¶ 2. These attorney's fees are also itemized on an attached invoice. *See* Higgs Fletcher & Mack, LLP Client Detailed Time & Expense Report [25-4] at 1–5. Bobb's affidavit also sets forth that Plaintiff incurred $8,342.20 in litigation costs, comprised of filing and service fees. *See* Bobb Aff. [25-3] ¶ 3. These costs are also itemized on the attached invoice. *See* Higgs Fletcher & Mack, LLP Client Detailed Time & Expense Report [25-4] at 3–5.

Therefore, Plaintiff requests $9,970 in attorney's fees for local counsel and $7,582.50 in attorney's fees for California counsel, totaling $17,552.50 in attorney's fees overall. And Plaintiff requests $307.86 in costs for local counsel and $8,342.20 in costs for California counsel, totaling $8,650.06 in costs overall. The Court finds that this amount of attorney's fees and costs is warranted.

*C. Conclusion*

In sum, the Court, having considered all the evidence and the pleadings in this cause, having heard the argument of counsel, and otherwise being advised in the premises, hereby enters judgment against Defendants Columbus Crossfitness, LLC and Chance Wiygul, jointly and severally, in the amount of Sixty One Thousand Three Hundred Eighty One and 80/100 Dollars ($61,381.80), with attorney's fees in the amount of Seventeen Thousand Five Hundred Fifty-Two and 50/100 Dollars ($17,552.50) and costs in the amount of Eight Thousand Six

Hundred Fifty and 6/100 Dollars ($8,650.06), for a total judgment in favor of Plaintiff Crossfit, Inc. of Eighty Seven Thousand Five Hundred Eighty-Four and 36/100 Dollars ($87,584.36).

An order in accordance with this opinion shall issue this day.

THIS, the 16th day of June, 2014.

_____
SENIOR JUDGE